IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VINCENT PENIX, SR., #323865<br>　　　　Plaintiff,<br><br>v.<br><br>D. KENNETH HORNING, et al.,<br>　　　　Defendants. | *<br><br>*<br>　　　CIVIL ACTION NO.  PJM-08-2161<br>*<br><br>* |

******

### **MEMORANDUM OPINION**

Defendants have moved for dismissal or summary judgment against Plaintiff Vincent Penix, Sr.  Paper No. 8.  Plaintiff has filed a response.  Paper No. 12.  No hearing is necessary to resolve the issues before the Court.  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### **Standard of Review**

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion.  As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that
>
> there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is

a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

## Background

Plaintiff alleges that his legal mail was improperly withheld by Defendants. He states that Defendants erroneously failed to provide certified mail postage to papers he wished to send the District Court of Maryland for Baltimore City contesting a garnishment of property other than wages in *SSA Baltimore FCU vs. Pennix*, Case No. 0101-001619-2004.[1] Paper No. 1.

## Analysis

The Court must first examine Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative

---

[1] In his response to the dispositive motion, Plaintiff details a pattern of retaliation engaged in by correctional employees. This allegation was not contained in his original complaint, Defendants have not responded to it, and it shall not be considered by the Court. If Plaintiff believes his constitutional rights have been violated by the retaliatory conduct of correctional employees, he is free to file a new civil rights suit.

remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing federal prisoner's lawsuit for failure to exhaust, where prisoner did not appeal administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner

has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff filed ARP MCTC 1239-07 on December 13, 2007, regarding mail not being received by several individuals. Plaintiff withdrew the remedy request on December 20, 2008. Paper No. 8, Ex. 11. Defendants maintain that Plaintiff never filed another ARP regarding his outgoing mail. *Id*. Plaintiff states he attempted to file administrative remedies regarding his outgoing mail but was prohibited from doing so by correctional employees who retaliated against him for his actions in another matter. Paper No. 12. The Court declines to dismiss this case based on Plaintiff's failure to exhaust administrative remedies. The Court cannot say, based on the information before it, that Plaintiff's failure to exhaust is inexcusable. *See Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000) (exhaustion excused where prison officials appeared to have frustrated Plaintiff's attempts at exhaustion).

**Outgoing Mail**

Prisoner claims regarding legal mail are typically analyzed as access to court claims. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S.343, at 351 (1996). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of a prisoner's right of access to the courts is

actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. *See Lewis*, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 354.

Plaintiff has advised of no actual injury or specific harm which he has suffered as a result of his mail not being sent. Documents provided by Plaintiff reveal that the judgment which served as the basis for the garnishment was entered on November 1, 2004. Paper No. 1, Attachments. The time for challenging the judgment, under Maryland law, had long since expired prior to the garnishment being instituted. *See* Md. Rule 7-104. Moreover, the return filed by the garnishee, the State Employees Credit Union of Maryland, indicated that it held no assets belonging to Plaintiff. Since the garnishee did not hold any of Plaintiff's property Plaintiff cannot demonstrate that he was prejudiced by his inability to respond to the writ.

Dismissal is appropriate. A separate Order will be entered in accordance with this Memorandum Opinion.

July 20, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE